IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD KENNETH McMASTER,

        Petitioner,

    v.

MARK NOOTH,

        Respondent.

Case No. 2:15-cv-00201-SI

OPINION AND ORDER

Nell Brown
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Samuel. A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 – OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his 2009 state-court sentence arising from his probation revocation. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#14) should be denied.

## BACKGROUND

On June 18, 2006, petitioner invited the victim over to his house for a barbecue and some drinks. The victim became inebriated, vomited, and fell asleep on petitioner's couch. Respondent's Exhibit 127, p. 83. She woke up to petitioner sexually assaulting her, but she was unable to move. When petitioner realized she was awake, he stopped what he was doing and apologized. *Id.* As a result, the Deschutes County Grand Jury accused petitioner of Unlawful Sexual Penetration in the First Degree, Sodomy in the First Degree, and three counts of Sexual Abuse in the First Degree. Respondent's Exhibit 104.

On August 20, 2007, petitioner entered an *Alford* plea to one count each of Attempted Unlawful Sexual Penetration in the First Degree, Attempted Sodomy in the First Degree, and Attempted Sexual Abuse in the First Degree.[1] Respondent's Exhibit 105. Judge admonished him "you need to understand that if you violate

---

[1] Pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), a court may accept a guilty plea despite defendant's claims of innocence where the defendant intelligently concludes that his best interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.

2 – OPINION AND ORDER

the terms and conditions of probation you come back and see me, you're going to prison." Respondent's Exhibit 106, p. 4.

On November 16, 2007, the Deschutes County Circuit Court held petitioner's sentencing hearing where the State requested a downward departure of time served and ten years' probation. The State outlined the agreement between the parties as follows: "The agreement is basically that it's a stipulated downward departure with 132 months of Department of Corrections' time to be suspended if he were to be revoked on probation, he would be going to the Department of Corrections for 132 months." Respondent's Exhibit 108, p. 4. This 132-month sentence was reflected, albeit rather cryptically, in handwriting in the Plea Petition. Respondent's Exhibit 105, p. 2. The Plea Petition did not, however, specifically identify the 132-month sentence as a suspended sentence.

The court imposed the State's requested sentence, and petitioner left custody the day of sentencing. Respondent's Exhibit 108, pp. 17-18. The court advised petitioner, "I'm not into excuses on probation. If you come and see me on a [probation violation] . . . rest assured it will be one of the worse days of your life." *Id* at 23-24. Although the court verified with the prosecutor and defense counsel that the sentence exactly represented the agreement between the parties, the court did not explicitly state that the 132-month prison sentence was suspended pending petitioner's compliance with the terms of his probation.

3 – OPINION AND ORDER

Two years later, petitioner admitted to violating several terms of his probation, leading to a probation violation hearing where both petitioner and the State were represented by new counsel. The most serious violation occurred when he fled the country for Costa Rica and remained on abscond status because he "wasn't going to be under anyone's thumb for five years." Respondent's Exhibit 109, p. 8. Authorities subsequently located petitioner and returned him to the United States. As a result of petitioner's failures on probation, the State asked the court to impose a prison sentence of 132 months, stating that petitioner "agreed with these sentences as a condition of the State taking the case out of Measure 11." *Id* at 7.

The Judge presiding over the probation violation hearing was the same Judge who had originally sentenced petitioner. Due to the passage of time, he listened to the audio recordings of the plea and sentencing hearings in open court to determine the intent of the parties at that time. After the recordings concluded, the Judge stated, "I am convinced that from listening to the record it was 132 months. It was certainly the expected result. . . ." *Id* at 39. Accordingly, the court proceeded to impose a 132-month prison sentence on petitioner.

Petitioner took a direct appeal from the probation revocation judgment. The Oregon Court of Appeals affirmed the trial court without issuing a written opinion, and petitioner did not seek further review in Oregon's Supreme Court. *State v. McMaster*, 242 Or. App. 604, 255 P.3d 676 (2011).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR court denied relief. Respondent's Exhibit 126. The Oregon Court of Appeals affirmed the lower court's decision without opinion, *McMaster v. Nooth*, 260 Or. App. 782, 325 P.3d 69 (2014), and the Oregon Supreme Court dismissed the Petition for Review as untimely. Respondent's Exhibits 133-137.

Petitioner filed this federal habeas corpus case on February 5, 2015 and, with the assistance of appointed counsel, filed an Amended Petition on July 7, 2015 in which he raises the following grounds for relief:

> Ground 1(A): Counsel failed to perform effectively with regard to sentencing, including failing to clarify the scope of the plea agreement and to clarify and/or preserve arguments about: the gridblock applicable to each count, including the appropriate criminal history for each count; the presumptive and maximum sentences; the merger of counts; whether the case involved a single criminal episode, whether there was a basis for the imposition of consecutive sentences; and the maximum possible sentence upon revocation of probation;
>
> Ground 1(B): Counsel failed to perform effectively with regard to the probation violation sanction hearing, including failing to object to the probation violation sanction on various available state-law grounds, including, but not limited to, arguing that the term imposed was illegal under Oregon law, including but not limited to, Oregon's 200% rule and Oregon law regarding the reconstitution of criminal history and the imposition of consecutive sentences.
>
> Ground Two: Appellate counsel failed to effectively pursue a challenge to the

5 – OPINION AND ORDER

> legality of petitioner's probation violation sanction on appeal.

Amended Petition (#14), pp. 4-5.

Respondent initially raised procedural default arguments as to petitioner's claims, but agreed to waive those arguments in the Joint Stipulation Agreement (#48) filed by the parties on August 17, 2016. Respondent now asks the court to deny relief on the Amended Petition because: (1) petitioner fails to meet his burden of proof on his unargued claims; and (2) the PCR court reasonably denied petitioner's argued claim of ineffective assistance of counsel pertaining to the imposition of the 132-month probation revocation sanction.

## DISCUSSION

### I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the U.S. Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the U.S. Supreme] Court and nevertheless arrives at a result

different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Section 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Section 2254(d)(2) allows a petitioner to "challenge the substance of the state court's findings and attempt to show that those findings were not supported by substantial evidence in the state court record." *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012). A federal habeas court cannot overturn a state court decision on factual grounds unless the decision was "objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). This is a "'daunting standard—one that will be satisfied in relatively few cases,' especially because we must be 'particularly deferential to our state-court colleagues.'" *Hernandez v. Holland*, 750 F.3d 843, 857 (9th Cir. 2014) (quoting *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004)).

7 – OPINION AND ORDER

## II. <u>Unargued Claims</u>

In his Amended Petition, petitioner raises two grounds for relief containing various sub-claims. In his supporting memorandum, however, petitioner chooses to brief a single claim: whether counsel provided ineffective assistance when he failed to object to the imposition of the 132-month sentence where the term violated Oregon law governing the: (1) reconstitution of his criminal history; (2) imposition of consecutive sentences; (3) 200% rule; and (4) "shift-to-I" rule.[2] Where petitioner does not argue the merits of his remaining claims, he has not carried his burden of proof with respect to the unargued claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

## III. <u>Ineffective Assistance of Counsel</u>

As outlined above, petitioner believes appointed counsel could have objected to the imposition of the 132-month probation violation sanction on a number of bases under Oregon law. He asserts that he is entitled to habeas relief pursuant to 28 U.S.C. § 2254(d)(2) because the PCR court erred in its factual finding that he stipulated to the sentence, and further claims that habeas relief is appropriate under § 2254(d)(1) because the PCR court's decision on his ineffective assistance of counsel claim involved an unreasonable application of clearly established federal law.

---

[2] These claims corresponds to Ground 1(B) of the Amended Petition wherein petitioner challenges attorney conduct during his probation violation sanction hearing.

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

Petitioner asserts that the trial court imposed an illegal 132-month sentence at his probation revocation proceeding under the mistaken impression that the State and defense counsel had stipulated to that sentence. He believes that if counsel had objected, there is a reasonable probability the court would have

9 – OPINION AND ORDER

understood it was not bound to the 132-month sentence and imposed a lesser sentence. The PCR court rejected this claim finding that petitioner did, in fact, stipulate to his sentence, and that he received a benefit for this stipulation insofar as: (1) all of his charges were reduced so as to take them out of Oregon's mandatory minimum sentencing scheme; and (2) he received a downward departure sentence of probation. Respondent's Exhibit 126, p. 1.

Petitioner asserts that the PCR court's factual finding regarding the stipulation is unreasonable. He claims that neither the Plea Petition nor the plea colloquy specifically identified what his sentence would be in the event of a probation revocation, and that that the original sentence was simply referred to as a downward departure to a probationary sentence of ten years. He asserts that where the record was silent as to what would occur were the court to revoke his probation, the PCR court erred when it determined that the parties had stipulated to a 132-month sanction.

As noted in the Background of this Opinion, the 132-month sentence was written into the Plea Petition, even if it did not specifically say that the figure represented the sentence petitioner would serve if he violated his probation. Respondent's Exhibit 105, p. 3. Construing the 132-month figure as a probation sanction is a reasonable reading of the Plea Petition where petitioner was released to probation on the day of his sentencing and obviously was not obligated to immediately serve the 132-month sentence.

10 - OPINION AND ORDER

In addition, at his sentencing hearing following the entry of his pleas, the prosecutor stated on the record that the "agreement is basically, it is a stipulated downward departure with 132 months of Department of Corrections' time to be suspended if he were to be revoked on probation. He'd be going to the Department of Corrections for 132 months." Respondent's Exhibit 108, p. 4. Neither petitioner not his attorney objected to this representation, and defense counsel advised the court during that same proceeding "that if he does not follow through on the conditions of probation . . . he will be revoked and go to prison for a very long time." *Id* at 14.

During petitioner's probation revocation hearing in 2009, the prosecutor asked the court to impose a 132-month prison sentence because petitioner "agreed with these sentences as, ah, a condition of the State taking the case out of Measure 11. . . ." Respondent's Exhibit 109, p. 7. The Judge listened to the audio recordings of the plea and sentencing hearings and concluded, "I am convinced that from listening to the record it was 132 months. It was certainly the expected result. . . ." *Id* at 39.

Based upon this record, the PCR court reasonably concluded that petitioner stipulated to the 132-month sentence as a condition to his plea agreement. Where petitioner stipulated to the sentence, he could not later take issue with its imposition following the revocation of his probation. *See State v. Ivie*, 213 Or. App. 198, 201, 159 P.3d 1257 (2007) (stipulated sentences may exceed the applicable statutory scheme and are generally not

11 – OPINION AND ORDER

reviewable on appeal). Counsel was therefore under no obligation to object to the imposition of the agreed-upon sanction, thus his performance did not fall below an objective standard of reasonableness. For these reasons, petitioner is not entitled to habeas corpus relief under either § 2254(d)(1) or § 2254(d)(2).

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#14) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 4th day of November, 2016.

                                            /s/ Michael H. Simon
                                                Michael H. Simon
                                                United States District Judge